NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-950

ERICA DIPLACIDO & others[1]

vs.

ASSURANCE WIRELESS OF SOUTH CAROLINA, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants jointly appeal from an order of a Superior Court judge that refused to compel arbitration of the plaintiffs' claims. In July 2019, the plaintiffs filed a class action complaint, alleging that the various defendants violated Massachusetts wage laws and failed to pay the plaintiffs fully for work performed. As set forth in the complaint, the defendants fall into two groups: (1) the defendants Boss Enterprises and Kuralay Bekbossynova (the Boss defendants), with whom the plaintiffs had a written employment agreement that contained an arbitration clause, and (2) defendants Assurance Wireless of South Carolina and Sprint

_____

[1] Tyler Keeley and Ryan LaBrie.
[2] Kuralay Bekbossynova; Boss Enterprise, Inc.; and Sprint Corporation.

Corporation (collectively, Sprint), with whom the plaintiffs did not have a written agreement but whom the plaintiffs allege were also their employer. The judge denied arbitration as to the Boss defendants on the ground that the motion was moot, due to his (incorrect) understanding that the claims as to Boss had been settled. He denied arbitration as to Sprint because Sprint was a nonsignatory to the arbitration agreement, and because in light of the nature of the plaintiffs' claims, Sprint could not compel arbitration under a theory of equitable estoppel. For the following reasons, we affirm the denial of the motion as to Sprint, although arbitration is appropriate as to the Boss defendants.

Background. We summarize the relevant background as follows. Sprint Corporation and Assurance Wireless of South Carolina, LLC, are corporations that jointly sell wireless services. Boss Enterprise, Inc. (Boss), is a corporation that entered a partnership with Sprint to obtain the services of representatives to go door to door to market Sprint's wireless services. Appellant Kuralay Bekbossynova is the president and treasurer of Boss. The plaintiffs are some of the representatives who went door to door in 2018 to market Sprint's wireless services.

Before performing their door-to-door marketing, each plaintiff signed a document labeled "Employment Agreement" (the employment agreements). The employment agreements contained an arbitration provision which provided that "[a]ny claims that an Employee may have against the Company (except for worker's compensation or unemployment insurance benefits), and any claims the Company may have against Employee shall be resolved by an arbitrator and not in a court proceeding." The employment agreements listed "Company/Employer" as Boss Enterprise and each respective plaintiff as "Employee." The employment agreements also stated that the arbitration provision in the employment agreements is explained more fully in a separate document (the arbitration agreements).

On July 12, 2019, the plaintiffs filed a class action complaint, alleging nine claims in total, with three claims against each defendant individually[3]: failure to pay plaintiffs all the wages to which they were entitled; violation of minimum wages laws; and failure to pay one and a half times the regular hourly rate for overtime. On February 11, 2021, all defendants jointly moved to compel arbitration, arguing that the employment agreements and the arbitration agreements compelled the plaintiffs to arbitrate their claims against all defendants.

---

[3] Defendants Sprint Corporation and Assurance Wireless of South Carolina, LLC are collectively treated as Sprint.

3

The plaintiffs filed an opposition to the defendants' motion to compel, and the motion judge heard oral arguments on July 21, 2021. On July 29, 2021, the motion judge denied the motion as to the claims against Sprint. In his decision, the judge erroneously stated, that the "plaintiffs settled their claims against Boss and Bekbossynova" and accordingly found that the motion to compel as it related to those defendants was moot.

Discussion. All parties agree that Sprint was not a party to the employment agreements or the incorporated arbitration agreements. The defendants argue that despite this, the judge erred in denying their motion to compel arbitration as to Sprint for two reasons. First, they argue that the judge erred in concluding that the doctrine of equitable estoppel did not apply in this case. Second, they contend that the judge based his decision on an untrue fact: that Boss and Bekbossynova had settled with the plaintiffs. In reviewing this decision, we defer to the motion judge on questions of fact unless they are clearly erroneous, Licata v. GGNSC Malden Dexter LLC, 466 Mass. 793, 796 (2014), but we review the denial of the motion to compel arbitration de novo. Machado v. System4 LLC, 471 Mass. 204, 208 (2015). We address each of the defendants' arguments in turn.

1. Equitable estoppel. "[I]t remains a fundamental principle that arbitration is a matter of contract, not

4

something to be foisted on the parties at all costs."  Landry v. Transworld Sys. Inc., 485 Mass. 334, 338 (2020) (citations and quotations omitted).  Despite this general principle, "[e]quitable estoppel typically allows a nonsignatory to compel arbitration in either of two circumstances:  (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or (2) when a signatory raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."  Machado, 471 Mass. at 211 (citations and quotations omitted).  Defendants argue, as they did below, that the second circumstance applies because the plaintiffs' claims against the Boss defendants and Sprint are substantially interdependent and alleged concerted misconduct. We disagree.

To determine whether the claims of misconduct are substantially interdependent and concerted, we first look to the face of the complaint.  See Machado, 471 Mass. at 215.  Here, the plaintiffs have crafted separate counts in the complaint against each defendant based upon their individual actions and have not alleged that the misconduct was conducted in concert. Compare Id. at 215-216 (finding equitable estoppel applies where "plaintiffs have lumped the two defendants together[and]. . . consistently charged both [defendants] with equal wrongs, [and]

5

fail[ed] to distinguish them."). Moreover, it is evident from the complaint that the claims against the two defendants actually rely on differing facts: the claims against the Boss defendants are based upon an express contractual agreement and allegations of what the plaintiffs did <u>for</u> <u>Boss</u>; the claims against the Sprint defendants are <u>not</u> based upon that contractual agreement, but instead are based upon factual allegations regarding actions of Sprint, and upon the contention that the plaintiffs were "actually the employees" of Sprint, and that Sprint misclassified them as independent contractors.

Accordingly, the complaint expressly does not "lump together" the Boss defendants and Sprint, and the theory of liability as to Sprint is distinct, requiring proof of facts that are not necessary as to the claims against Boss. The case is thus quite different than <u>Machado</u>, <u>supra</u>. While we recognize that the claims against the Boss defendants and the claims against Sprint will have some overlap of witnesses and evidence, that is not the test for whether a nonsignatory to an arbitration agreement can compel arbitration.[4] A plaintiff who did not enter an arbitration agreement with another party should not be forced to arbitrate their separate and distinct claims

---

[4] Our de novo review of this motion to compel arbitration is not, and cannot be, solely based on judicial economy. See <u>Miller</u> v. <u>Cotter</u>, 448 Mass. 671, 684-685 (2007).

against that party.  Here the plaintiffs have treated the defendants differently for substantive reasons, and equitable estoppel does not bind the plaintiffs to arbitrate their claims against Sprint in this case.

2.  Untrue fact.  All parties agree that the judge's factual finding that that "plaintiffs settled their claims against Boss and Bekbossynova" was erroneous.  The record does not support, however, the defendants' argument that the judge's ruling against Sprint as to the motion to compel was based on that fact.  Even if it was, our review of the motion to compel is de novo and does not rely on this error.  For that reason, we affirm the judge's ruling as it relates to Sprint.  However, inasmuch as the plaintiffs agree that they had an express arbitration agreement with Boss, and because the plaintiffs did not settle their claims with the Boss defendants, we hold that the motion to compel as it related to the Boss defendants was not moot.  Accordingly, the denial of the motion to compel arbitration as to the Boss defendants was in error and must be reversed.

Conclusion.  So much of the order as denied the motion to compel arbitration as to the defendants Assurance Wireless of South Carolina, LLC, and Sprint Corporation is affirmed.  So much of the order as denied the motion to compel arbitration as to the defendants Boss Enterprises, Inc. and Kuralay

7

Bekbossynova is reversed.  The matter is remanded to the Superior Court for further proceedings consistent with this decision.

<u>So ordered</u>.

By the Court (Blake, Englander & Walsh, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  April 21, 2023.

---

[5] The panelists are listed in order of seniority.